**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAKHVINDERPAL SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-70760<br><br>Agency No. A099-330-245<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2014[**]
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and GORDON, District Judge.[***]

Lakhvinderpal Singh petitions for review of the Board of Immigration

Appeals's (BIA) order dismissing his appeal of an Immigration Judge's (IJ) denial

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

       [***]     The Honorable Andrew P. Gordon, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). Because Singh filed his asylum application in October 2005, the Real ID Act applies. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Considering the totality of the circumstances, the IJ's adverse credibility determination was supported by substantial evidence. *Shrestha*, 590 F.3d at 1039–40. The IJ based his credibility determination in part on Singh's demeanor, and he provided specific examples of behavior that rendered Singh non-credible. We give special deference to such findings. *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999). The IJ's adverse credibility determination was also supported by Singh's implausible testimony, including his failure to apply for asylum in Canada on any of three trips after his first alleged attack, which "inherently undermines [his] testimony" of past persecution, *Loho v. Mukasey*, 531 F.3d 1016, 1018 (9th Cir. 2008). Further, Singh's assertions of persecution were inconsistent with reports in the record indicating that the police and government of India no longer target non-leader, non-militant Sikhs, such as Singh. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, Singh did not provide sufficient independent proof of his mistreatment in India, such as reasonably obtainable medical reports, to corroborate his testimony. *See Shrestha*, 590 F.3d at 1047–48.

The remainder of the record (not including Singh's non-credible testimony) does not sustain Singh's burden to show he is eligible for asylum due to persecution or a well-founded fear of persecution. *See Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir. 2005). For the same reason, the BIA's denial of withholding of removal was supported by substantial evidence. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Singh did not advance a torture claim independent from his reasons for fearing persecution, the BIA did not err in rejecting Singh's CAT claim. Substantial evidence supports the conclusion that Singh is not more likely than not to suffer torture if returned to India. *Id.* at 1156–57.

Finally, because an asylum officer's decision to allow the removal action against Singh to proceed is "purely discretionary" and "quasi-prosecutorial," it is "immunized from judicial review," *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1120 (9th Cir. 2001). Accordingly, we lack jurisdiction to review Singh's claim that the asylum office's referral notice was in violation of the law.

**PETITION DISMISSED IN PART AND DENIED IN PART.**